The Honorable James G. Dietz State Representative 5301 Warden Road North Little Rock, AR 72116
Dear Representative Dietz:
This is in response to your request, on behalf of a constituent, for an opinion regarding the legality of hiring employees as armed security guards to provide protection in a private business. The correspondence attached to your request indicates that a bank is currently using "unlicensed" and "non-certified" employees who carry shotguns to provide protection for the teller who replenishes the cash supply at the automated teller machine located just outside the bank's building.
It is my opinion that the security department of a private business may employ individuals in the capacity of private security officers, provided the business follows the procedure outlined by the Private Investigators and Private Security Agencies Act, codified at A.C.A. §§ 17-33-101—352 (Repl. 1992).
Section 17-33-102(10) defines "private security officer" as "any individual employed by a security services contractor or the security department of a private business to perform the duties of a security guard, security watchman, security patrolman, or armored car guard." Subsection 102(8) defines "security department of a private business" as "the security department of any person, if the security department has as its general purpose the protection and security of its own property and grounds, and if it does not offer or provide security services to any other person." Subsection 102(15) defines "commissioned security officer" as "any private security officer to whom a security officer commission has been issued by the board."
Section 17-33-103(b) states:
 [T]he security department of a private business that hires or employs an individual in the capacity of a private security officer to possess a firearm in the course and scope of his duties is required to make application for a security officer commission for the individual according to the provisions of this chapter, [although] the security department of a private business shall not be required to make application to the board for any license under this chapter.
Sections 17-33-335(1) and (2) penalize both the business and the individual when a person acts as a private security officer and carries a firearm during the course of performing his duties if he has not been commissioned. The procedure to become commissioned is set out at §§ 17-33-336 and -337, which state that with the concurrence of the Department of Arkansas State Police, the board may issue a security officer commission to an individual employed as a uniformed private security officer. The applicant for a commission must be at least twenty-one years old, not be a convicted felon, and not have committed any act which if committed by a licensee would be grounds for suspension or revocation of a license under this chapter. The applicant must also meet all qualifications established by the rules of the Arkansas Board of Private Investigators and Private Security Agencies. These rules include the requirements that private security officers undergo annual training and examinations, and that they be qualified in the use of firearms (Rules 3.13-3.15).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
SLD:cyh